YERTON v. CITY OF TULSA
2023 OK CIV APP 18
Case Number: 120978
Decided: 04/14/2023
Mandate Issued: 05/11/2023
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2023 OK CIV APP 18, __ P.3d __

 
FREDERICK A. YERTON, JR., Plaintiff/Appellant,
v.
CITY OF TULSA, OKLAHOMA, Defendant/Appellee.
APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA
HONORABLE DOUGLAS E. DRUMMOND, TRIAL JUDGE
REVERSED AND REMANDED
George Washington, Jr., Tulsa, Oklahoma, for Plaintiff/Appellant,
Jeff M. Stephens, CITY OF TULSA, LEGAL DEPARTMENT, Tulsa, Oklahoma, for Defendant/Appellee.
TIMOTHY J. DOWNING, JUDGE:
¶1 Appellant/Plaintiff, Frederick A. Yerton, Jr., appeals from the trial court's Orders granting Appellee's/Defendant's Motion to Dismiss and denying Appellant's Motion for New Trial and Amended Motion for Stay of Administrative Hearing-Order of Abatement-Demolition. Appellant is a property owner who was afforded an administrative hearing pursuant to (A)(2), where a hearing officer determined his property was subject to condemnation. Upon the conclusion of the hearing, Appellant filed an appeal with the Tulsa City Council. The City Council issued a Final Order affirming the hearing officer's decision on August 3, 2022. Appellant petitioned for judicial review in the District Court of Tulsa County. Appellee filed a motion to dismiss alleging Appellant's appeal of the Tulsa City Council's Final Order was untimely pursuant to . The trial court granted the motion to dismiss. Because condemnation appeals are governed by (A)(3), Appellant's appeal to District Court was timely. Therefore, this case is REVERSED and REMANDED.
BACKGROUND
¶2 Appellant was given Notice of Violation-Demolition on April 13, 2022. The notice specified different violations and Appellant was given until May 2, 2022, to bring the property into compliance or in the alternative a hearing date was set for May 4, 2022. An administrative hearing was held on June 8, 2022 wherein a Nuisance Hearing Officer found the violations required either rehabilitation or demolition within thirty (30) days of the hearing date. Appellant was given steps to comply with and instructions to appeal the Nuisance Hearing Officer's findings. Appellant filed the appeal of the hearing officer's findings to the Tulsa City Council on June 8, 2022, and a hearing was conducted on August 3, 2022, at 5:00 p.m. At the conclusion of the hearing, the City Council affirmed the Order of Abatement and mailed its Final Order to Appellant on August 4, 2022. Appellant's Petition for Judicial Review of the Tulsa City Council's Final Order was filed on September 14, 2022. The parties did not dispute these relevant dates.
¶3 Appellee filed a Motion to Dismiss relying on (B)(6) and invoking to argue that Appellant failed to file the appeal within thirty (30) days. Appellant filed a Reply to Appellee's Motion to Dismiss and argued that the controlling statute is (A)(3) which allows a property owner thirty (30) business days from the date of the municipal governing body's order to appeal, therefore his appeal was within the statutory time frame. On October 27, 2022, the trial court filed an Order sustaining Appellee's Motion to Dismiss citing to .
¶4 Appellant filed a Motion for New Trial and Amended Motion for Stay of Administrative Hearing-Order of Abatement-Demolition on November 4, 2022. Appellee filed a Response on December 1, 2022. The trial court denied same on December 6, 2022. It is from these orders that Appellant appeals.
¶5 Appellant presents the following three issues on appeal:
1) That the Tulsa City Council was not exercising a judicial function when it issued the Final Order subjecting his property to demolition;
2) That (A)(3) establishes the filing deadlines for an appeal as thirty (30) business days; and
3) That a dismissal under is unavailable. 
¶6 Essentially Appellant argues the trial court erred when it relied on and sustained Appellee's Motion to Dismiss. Appellant contends that (A)(3) establishes the filing deadlines for appeals seeking relief from a municipality's exercise of its power to order demolition of his property.
STANDARD OF REVIEW
¶7 This Court's review of "an order dismissing a case for failure to state a claim upon which relief can be granted is de novo and involves consideration of whether a plaintiff's petition is legally sufficient." Fanning v. Brown, , ¶ 4, , 844. This Court "must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them." Id. The allegations must "indicate beyond any doubt that the litigant can prove no set of facts which would entitle him to relief" before a pleading should be dismissed for failure to state a legally cognizable claim. Id. The heavy burden is on the moving party and such motions are disfavored. Id.
¶8 In this case, the trial court dismissed the appeal based on the statutory interpretation that applied to Appellant's appeal instead of the more specific statute, . This Court reviews de novo issues of statutory interpretation. Strickland v. Stephens Prod. Co., , ¶ 4, , 372.
ANALYSIS
¶9 This Court's "inquiry begins with the text of the statute and--absent unresolvable ambiguity--ends with the text." Hall v. Galmor, , ¶ 45, , 1070. Our "task is to determine the ordinary meaning of the words the legislature chose", because people are governed by the laws as they are written. Id. "In the absence of ambiguity or conflict with another enactment, our task is limited to applying a statute according to the plain meaning of the words chosen by the legislature." Broadway Clinic v. Liberty Mut. Ins. Co., , ¶ 15, , 877. "In ascertaining meaning, we look not just at the text of the provision at issue, but also at the text of related provisions in the same statute or legislative act, in a manner that achieves full force and effect for each provision." Hall, , ¶ 45. "[A] court is duty-bound to give effect to legislative acts, not amend, repeal or circumvent them." Fulsom v. Fulsom, , ¶ 7, , 655. "[T]he wisdom of choices made within the Legislature's law-making sphere are not our concern, because those choices--absent constitutional or other recognized infirmity--rightly lie within the legislative domain." Head v. McCracken, , ¶ 13, , 680. "Where the statute is plain and unambiguous, there is no room for judicial construction that would extend its ambit beyond the scope of the plain and unambiguous language." Arrow Tool & Gauge v. Mead, , ¶ 15, , 1125.
¶10 Section 22-112 of Title 11 states that municipal governing bodies "may cause dilapidated buildings within the municipal limits to be torn down and removed" in accordance with procedures outlined thereafter. Subsection A(1) requires notice to be given to the property owner before the governing body holds a hearing. Subsection A(2) outlines what the municipality must show before removal is allowed. Subsection A(3) outlines the procedure to be taken if the municipality satisfies the elements in Subsection A(2). Subsection A(3) also establishes the appeal process for the property owner should a challenge be sought. Specifically, (A)(3) reads as follows:
Pursuant to a finding that the condition of the property constitutes a detriment or a hazard and that the property would be benefited by the removal of such conditions, the governing body may cause the dilapidated building to be torn down and removed. The governing body shall fix reasonable dates for the commencement and completion of the work. The municipal clerk shall immediately file a notice of dilapidation and lien with the county clerk describing the property, the findings of the municipality at the hearing, and stating that the municipality claims a lien on the property for the destruction and removal costs and that such costs are the personal obligation of the property owner from and after the date of filing of the notice. The agents of the municipality are granted the right of entry on the property for the performance of the necessary duties as a governmental function of the municipality if the work is not performed by the property owner within dates fixed by the governing body. Any action to challenge the order of the municipal governing body shall be filed within thirty (30) business days from the date of the order;
¶11 The language of Subsection A(3) is not ambiguous. Although Subsection A(3) outlines the governing body's duties, it also plainly states that a challenge to the order of the municipal governing body shall be filed within thirty (30) business days.
¶12 In this case, the Tulsa City Council designated a hearing officer to perform its duties. Subsection B allows the municipality to make such a designation. The designation provision in (B) reads as follows:
The municipality may designate, by ordinance, an administrative officer or administrative body to carry out the duties of the governing body specified in this section. The property owner shall have the right of appeal to the municipal governing body from any order of the administrative officer or administrative body. Such appeal shall be taken by filing written notice of appeal with the municipal clerk within ten (10) days after the administrative order is rendered.
¶13 Likewise, Subsection B is not ambiguous. Subsection B merely allows the governing body to designate an administrative officer or administrative body to carry out its duties in Section 22-112. When the governing body elects to delegate its duties, the property owner is granted ten (10) days to appeal the administrative officer's decision to the municipal governing body directly. However, nothing in Subsection B alters the property owner's appellate rights found in Subsection A(3) when seeking relief from the governing body's final order in district court.
¶14 Below, Appellee argued and the trial court found which allows decisions by inferior tribunals, boards or officers exercising judicial functions to be appealed to district courts within thirty (30) days of the decision to be controlling in Appellant's condemnation appeal. The language of (b) reads in part as follows:
(b) Unless otherwise provided by law, proceedings for review of a judgment or final order shall be commenced by filing a petition in the district court of the county where the inferior tribunal, board or officer rendered the order within thirty (30) days of the date that a copy of the judgment or final order is mailed to the appellant . . . . 
¶15 The very language of (b), the more general statute, provides that it only applies if no other provision establishes an appeal time. Therefore, because (A)(3) specifically allows property owners thirty (30) business days in which to initiate an appeal, (b) is inapplicable and the trial court erred in applying the general statute.
¶16 Even if the two different statutes conflicted, which they do not, whenever a specific statute and a general statute conflict, the specific statute controls. Duncan V. City of Nichols Hills, , ¶ 29, , 1310. Either way, (A)(3) is the appropriate statute that governs Appellant's case below.
¶17 In response to Appellant's Motion for New Trial, Appellee took the position that Appellee's decision to designate its duties under (A)(3) to a hearing officer pursuant to (B), made Appellee an "appellant tribunal" and therefore governed the appeal. This argument is not persuasive for the same reasons stated above. Nothing in the statute gives the Tulsa City Council the power to alter the property owners statutory appeal rights. This appeal right was set by the Legislature whether the City Council is reviewing the decision of a hearing officer or whether the City Council is making the initial determination. The statute is plain and unambiguous, therefore there is no room for judicial construction that would curtail the plain and unambiguous language.
¶18 Appellee also argued that because Appellee utilized the procedure in (B) and this subsection does not have a 30 business days limitation to challenge the decision of the municipal body nor does it refer back to Subsection A(3), the thirty (30) business days provision is inapplicable. To adopt this, the Court would also have to find that none of the other obligations, duties or powers under Subsection A(3) remain because they are not repeated in Subsection B. Instead, this Court is of the opinion that nothing in the entirety of would alert a property owner that their appellate rights were determinative on whether the municipality decided to perform its duties in Subsection A(3) or designate a hearing officer to do so pursuant to Subsection B.
¶19 As the Legislature used plain and unambiguous language, the use of additional rules of construction are unnecessary and the statute will be applied as written. Appellant's time for initiating an appeal is set forth in (A)(3), thus, the appeal to the district court was timely.
CONCLUSION
¶20 Courts apply the plain and ordinary meaning of words in statute because people are governed by the laws as they are written. Here, the limitations period for a property owner to appeal the condemnation of their property is clearly set forth in (A)(3) and nothing in Subsection B alters that time period or subjects the property owner to the shorter timeframe contained in . Therefore, the trial court erred when it relied on and granted Appellant's Motion to Dismiss.
¶21 The appealed orders are vacated and this case is REVERSED and REMANDED for further proceedings.
GOREE, P.J., and SWINTON, J., concurs.
FOOTNOTES
 Cases relied on by Appellee miss the mark. In condemnation cases, the Legislature decided that property owners will have thirty (30) business days to appeal. As such, (b) is not applicable. If a municipal body issues a final order and there is not an independent statute that alters the appeal time, as in condemnation cases, then obviously Section 951(b) would apply. The cases relied on by Appellee below are not similar to the case at hand and do not negate the introductory language of Section 951(b).